JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN -6 1990

DOCKET NO. 839

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE SPALDING AND EVENFLO COMPANIES, INC./SAFETY MUTUAL INSURANCE CO. CONTRACT LITIGATION

> Safety Mutual Insurance Company v. Spalding and Evenflo Companies, Inc., et al., D. New Jersey, C.A. No. 89-5048(SSB)
> Spalding and Evenflo Companies, Inc. v. Safety Mutual Casualty Corporation, M.D. Florida, C.A. No. 89-826-CIV-T-15C

ORDER DENYING TRANSFER

This litigation consists of two actions pending in two federal districts: one action each in the District of New Jersey and Middle District of Florida. Before the Panel is a motion by Spalding and Evenflo Companies, Inc. to transfer the New Jersey action to the Middle District of Florida for coordinated or consolidated pretrial proceedings with the action pending there. Safety Mutual Insurance Co. opposes the motion.

On the basis of the papers filed and the hearing held, we find that Section 1407 transfer would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. Given the minimal number of actions before us, movant has failed to persuade us that any common questions of fact are sufficiently complex, and that the accompanying discovery will be so time-consuming, to justify Section 1407 transfer. See In re Scotch Whiskey Antitrust Litigation, 299 F.Supp. 543, 544 (J.P.M.L. 1969). We point out that suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery and/or conflicting pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242, 244 (J.P.M.L. 1978). See also Manual for Complex Litigation, Second, §31.13 (1985).

IT IS THEREFORE ORDERED that the motion for transfer embracing the above-captioned actions pursuant to 28 U.S.C. §1407 be, and the same hereby is, DENIED.

FOR THE PANEL:

Robert H. Schnacke
Judge of the Panel